UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GARTH O'CONNOR,

Petitioner,

-v-

PAUL ARTETA *et al.*,

Respondents.

26 Civ. 4328 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

This decision resolves a habeas corpus petition by a noncitizen in immigration detention. On November 26, 2025, Immigrations and Customs Enforcement ("ICE") detained petitioner Garth O'Connor. On March 5, 2026, an immigration judge ("IJ") denied O'Connor release on bond, finding O'Connor had failed to carry the burden to establish that he did not pose a danger to the community. O'Connor's petition, Dkt. 1 (the "Petition"), contends that the IJ violated his due process rights, by assigning O'Connor, rather than ICE, the burden of proof on that point. This Court later decided *Mathieu v. Dep't of Homeland Sec.*, No. 26 Civ. 4630 (PAE), 2026 WL 1747084 (S.D.N.Y. June 17, 2026), which addressed the same question, finding that ICE bears that burden. Accordingly, the Court directed the parties in this case to address whether this case is materially distinguishable from *Mathieu*. Dkt. 16.

On August 26, 2026, the parties notified the Court that they agree that *Mathieu* controls here. *See* Dkt. 17 at 1 (Government, stating that *Mathieu* is "not materially distinguishable" and "govern[s] here"); Dkt. 18 at 1 (O'Connor, stating the same).

The Court agrees, based on the facts reported in the Petition, the Government's brief and supporting materials, Dkts. 7–9, and O'Connor's reply, Dkt. 14. Each petitioner is a noncitizen

who entered the United States on a visa that authorized him to remain here temporarily; each overstayed that visa without authorization; each had a prior criminal conviction; and each has a U.S. citizen spouse and children.[1] *Compare* Dkt. 9 ("Irving Decl.") ¶¶ 3–8, *with Mathieu*, 2026 WL 1747084, at *1–3. Each, after an arrest by ICE, was served with a Form I-862 notice to appear ("NTA"). *Compare* Irving Decl. ¶¶ 14–17, *with Mathieu*, 2026 WL 1747084, at *1–2. Each was detained—as the Government concedes—under 28 U.S.C. § 1226(a), under which detention is discretionary and entitles the noncitizen a prompt bond hearing. *Compare* Irving Decl. ¶¶ 22–23, *with Mathieu*, 2026 WL 1747084, at *3. Each had such a hearing, at which the IJ denied bond, finding the petitioner had not met his burden to show he was not a danger to the community.[2] *Compare* Irving Decl. ¶ 23, *with Mathieu*, 2026 WL 1747084, at *3.

The Court's decision in *Mathieu* thus dictates the outcome here. There, the Court held that due process:

> requires a new bond hearing, at which the Government bears the burden of showing, by clear and convincing evidence, that he poses a danger to the community or a flight risk. In determining whether to grant bond, the IJ shall consider the sufficiency of alternatives to imprisonment, including but not limited to release on recognizance and electronic monitoring. In determining the amount of any bond imposed, the IJ shall consider [petitioner's] ability to pay.

[1] Petitioners' criminal records factually diverge. Mathieu had a single arrest, in September 2024, which resulted in a guilty plea to fourth-degree criminal mischief and disorderly conduct. *Mathieu*, 2026 WL 1747084, at *1. O'Connor has had two arrests: (1) in December 2020, for reckless endangerment in the first degree, obstruction of governmental administration, and driving while intoxicated, Irving Decl. ¶ 5, which resolved in a guilty plea; and (2) in February 2021, for strangulation in the first degree, *id*. ¶ 7, a case whose disposition the parties did not report. The Government represents that O'Connor has nine expired orders of protection against him, spanning February 2021 to November 2024. *Id*. ¶ 9; Dkt. 7-3.

[2] In O'Connor's case, the IJ found the facts of his 2020 driving while intoxicated offense were "upsetting" and "truly disturbing," as the offense involved O'Connor's "jump[ing] the curb" with a black sedan, nearly "striking a police officer," and attempting thereafter to "flee." Dkt. 7-12 at 22. The IJ also found the 2024 strangulation charge highly concerning. *Id*. at 23.

*Matheiu*, 2026 WL 1747084, at *7. That decision aligned with the holdings of numerous courts in this District that have ordered bond hearings after comparable periods of detention, with the burden of proof borne by the Government. *See, e.g.*, *Quintanilla v. Decker*, No. 21 Civ. 417, 2021 WL 707062, at *3 (S.D.N.Y. Feb. 22, 2021) (ordering burden-shifted bond hearing after three months' detention); *Raspoutny v. Decker*, 708 F. Supp. 3d 371, 384 (S.D.N.Y. 2023) (same, after seven months' detention); *Darko v. Sessions*, 342 F. Supp. 3d 429, 431, 435–36 (S.D.N.Y. 2018) (same); *J.I.T. v. Francis*, No. 25 Civ. 6749, 2025 WL 3295851, at *2, 5 (S.D.N.Y. Nov. 26, 2025) (same, after nine months' detention); *J.C.G. v. Genalo*, No. 24 Civ. 8755, 2025 WL 88831, at *1–2, 10 (S.D.N.Y. Jan. 14, 2025) (same); *Banegas v. Decker*, No. 21 Civ. 2359, 2021 WL 1852000, at *1, 3 (S.D.N.Y. May 7, 2021) (same). Accordingly, the Court finds due process here requires affording O'Connor a new hearing. At that hearing, the Government must bear the burden to show, by clear and convincing evidence, that O'Connor is a danger to the community or a flight risk.

## CONCLUSION

For the above reasons, the Court grants O'Connor's petition for a writ of habeas corpus, insofar as the petition seeks a burden-shifted bond hearing, but denies the petition, insofar as it seeks his immediate release.

By **September 10, 2026**, an IJ shall hold a bond hearing, at which the Government shall bear the burden of proving, by clear and convincing evidence, that O'Connor is a danger to the community or a flight risk. In determining whether to grant bond, the IJ shall consider the sufficiency of alternatives to imprisonment, including but not limited to release on recognizance and electronic monitoring. In determining the amount of any bond imposed, the IJ shall consider O'Connor's ability to pay.

Within 48 hours of the bond hearing, the Government shall file a letter on the docket of this case stating the outcome of the hearing. It shall also promptly order a transcript or recording of the hearing, and file such on the docket.

Dated: August 28, 2026
New York, New York

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge